IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DTI SOFTWARE INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00796-O |
| | § | |
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT AMERICAN AIRLINES, INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

By and through its undersigned counsel, Defendant American Airlines, Inc. ("American" or "Defendant") files this its Original Answer and Affirmative Defenses in response to Plaintiff DTI Software Inc.'s ("DTI" or "Plaintiff") Original Complaint ("Complaint") as follows:

## ANSWER

## I.
## PARTIES

1.     Defendant admits the allegations in Paragraph 1 of the Complaint.

2.     Defendant admits the allegations in Paragraph 2 of the Complaint.

## II.
## JURISDICTION AND VENUE

3.     Defendant admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Defendant admits that this Court has personal jurisdiction over American. Defendant admits that this Court has specific jurisdiction over American.

4.     Defendant admits that venue is proper in this Court.

### III.
### FACTUAL BACKGROUND

5.      Defendant admits that DTI and American entered into an Agreement ("prior Games Licensing Agreement"), and Defendant admits that the prior Games Licensing Agreement states that it is "effective as of the 12 day of March, 2012[.]"

6.      Defendant admits that, pursuant to the prior Games Licensing Agreement, DTI agreed to provide, and American agreed to pay for, various services and/or products generally relating to games and apps that American's customers could use as part of American's in-flight entertainment.  Defendant admits that the prior Games Licensing Agreement was originally effective March 12, 2012, but was amended from time to time thereafter.  Defendant admits that effective June 19, 2012, the parties executed "Amendment 1" to the prior Games Licensing Agreement.  Defendant admits that effective August 8, 2012, the parties executed "Amendment 2" to the prior Games Licensing Agreement.  Defendant admits that effective July 1, 2015, the parties executed "Amendment 3" to the prior Games Licensing Agreement.  Defendant admits that effective July 1, 2018, the parties executed "Amendment 4" to the prior Games Licensing Agreement.

7.      Defendant admits that on or about April 24, 2020, American and DTI's parent company, Global Eagle Entertainment, Inc. ("GEE"), executed a Settlement Agreement and Mutual Release ("2020 Settlement Agreement").  Defendant admits that the 2020 Settlement Agreement states: "GEE as of the date of this Settlement Agreement is in arrears to American under the Expired Agreements in the aggregate amount of $1,946,465.76 US DOLLARS, which amount is immediately due and payable[.]"  Defendant admits that the prior Games Licensing Agreement was not designated as one of the Expired Agreements.  Defendant admits that the 2020 Settlement Agreement states: "American and GEE (or GEE's subsidiaries) are parties to the

agreements listed in Annex B hereto, which agreements remain extant," and Annex B is titled "Current Agreements."

8.      Defendant    admits    that    the    2020    Settlement    Agreement    states: "In exchange for American's forbearing to exercise its rights to enforce GEE's obligation to pay the amounts due under the Expired Agreements, (a) GEE shall pay to American on the fifteenth day of every month $200,000 US DOLLARS and (b) American may offset any amounts owed now or hereafter owed by American to GEE under the Current Agreements . . . against the outstanding balance of the amount owed by GEE to American and GEE hereby waives its rights to receive and American's obligations to pay any such amounts owned [sic] under the Current Agreements."

9.      Defendant admits that the 2020 Settlement Agreement states that the: "(1) $200,000 US DOLLARS monthly payments by GEE, and (2) the offsets of any amounts owed by American to GEE under the Current Agreements shall continue until the entire Remaining Amount owed by GEE to American is fully paid."  Defendant admits that the "Remaining Amount" was defined as "$1,946,465.76."

10.     Defendant admits that on July 22, 2020, GEE filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Proceeding").  Defendant admits that DTI was not a debtor in the Bankruptcy Proceeding.

11.     Defendant admits that during the Bankruptcy Proceeding, American filed Proof of Claim #473 and asserted a secured claim of $1,546,465.76.  Defendant admits that on May 10, 2021, the Plan Administrator filed its Seventh Omnibus Objection to Claims (Substantive) (the "Claim Objection") that sought to reduce and re-classify American's Proof of Claim.  Defendant

admits that DTI and American entered into Amendment 5 to the prior Games Licensing Agreement on July 1, 2021 and entered into Amendment 6 to the prior Games Licensing Agreement on August 1, 2021.  Defendant admits that both Amendment 5 and Amendment 6 state: "American is not in any way waiving its offset rights, if any, under that certain Settlement Agreement and Mutual Release with an effective date of April 24, 2020 entered into between American and Global Eagle Entertainment, Inc. and its various subsidiaries by executing this Amendment[.]"

12.    Defendant admits that after American filed an informal response to the Claim Objection, the Plan Administrator and American reached a resolution of the Claim Objection and American's response through the filing of a *Certification of Counsel Regarding Plan Administrator's Seventh Omnibus Objection to Claims (Substantive)* on November 4, 2021. Defendant admits that on November 5, 2021, the Bankruptcy Court entered its Order Sustaining Plan Administrator's Seventh Omnibus Objection to Claims (Substantive) (the "Order Sustaining Objection to Claims") which states:

2.    In full and final satisfaction and resolution of the proof of claim assigned claim number 473 (the "**Disputed Claim**") filed by American Airlines, Inc. (the "**Claimant**"), the Disputed Claim, which was filed as a secured claim in the amount of $1,546,465.76, shall be an Allowed Claim in the amount of $1,332,123.03, of which (i) $932,123.03 shall be treated as an Allowed General Unsecured Claim (the "**Allowed General Unsecured Claim**"), and (ii) $400,000.00 shall be treated as an Allowed Secured Claim (the "**Allowed Secured Claim**").

3.    The Allowed Secured Claim shall be satisfied by American Airlines' setting off $400,000.00 of invoices due from American Airlines to the Debtors.

4.    Except as set forth in paragraph 2, nothing in this Order or the Objection independently authorizes American Airlines to offset amounts that may be due from American Airlines to the Debtors, their affiliates, or their non-debtor affiliates. However, nothing in this Order or the Objection affects the rights of American to setoff against non-debtor affiliates, to the extent such setoff is permitted by law. Further, nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the parties may have to enforce or

defend rights of setoff against American Airlines, the Debtors, their affiliates, or their non-debtor affiliates.

13.     Defendant denies that the Order Sustaining Objection to Claims, identified in Paragraph 13, explained that the Settlement Agreement was rejected during the Bankruptcy Proceeding under the approved Plan.  Defendant admits that during the Bankruptcy Proceeding, the Court entered a *Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Plan of Liquidation for Global Eagle Entertainment Inc. and Its Affiliate Debtors Under Chapter 11 of the Bankruptcy Code*, which states: "As permitted by section 1123(b)(2) of the Bankruptcy Code, Article VI of the Plan provides that, except as otherwise provided in the Plan, the Debtors shall be deemed to have rejected all Executory Contracts and Unexpired Leases as of the Effective Date that (i) have not been previously rejected, assumed, or assumed and assigned, including in connection with the Sale Transaction, and are not the subject of a pending motion or notice to reject, assume, or assume and assign as of the Effective Date, (ii) are not identified on the Schedule of Assumed Contracts, and (iii) have not expired under their own terms prior to the Effective Date."

14.     Defendant admits that on or about December 10, 2021, Anuvu Operations, LLC issued $400,000.00 payment to American as an offset as reflected in Credit Memo 32284. Defendant admits that the payment was made consistent with the Order Sustaining Objection to Claims.

15.     Defendant admits that the prior Games Licensing Agreement expired on or about August 31, 2021.  Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

**IV.**
**CAUSES OF ACTION**

**A.      Count 1: Breach of Contract**

16.      In response to Paragraph 16 of the Complaint, Defendant incorporates the paragraphs above.

17.      In response to Paragraph 17 of the Complaint, Defendant states that the allegations therein are legal conclusions to which no response is required.  To the extent any response is required, Defendant admits the allegations in Paragraph 17.

18.      In response to Paragraph 18 of the Complaint, Defendant states that the allegations therein are legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 18.

19.      In response to Paragraph 19 of the Complaint, Defendant states that the allegations therein are legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 19.

**B.      Count 2: Attorney's Fees**

20.      In response to Paragraph 20 of the Complaint, Defendant incorporates the paragraphs above.

21.      In response to Paragraph 21 of the Complaint, Defendant states that the allegations therein are legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 21.

**V.**
**JURY DEMAND**

22.      Paragraph 22 represents Plaintiff's request for relief to which no response is necessary.

## VI.
## PRAYER

23.     Paragraph 23 represents Plaintiff's request for relief to which no response is necessary. To the extent a response is required, Defendant denies that Plaintiff is entitled to its requested relief or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses that apply to Plaintiff's claims.  By asserting these affirmative defenses, Defendant does not concede that it has the burden of proof as to any such defense.  To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pleaded in the alternative.  Subject to and without waiving the foregoing, and without waiving Plaintiff's burden to show otherwise, Defendant pleads as follows:

### FIRST DEFENSE

24.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

25.     The Complaint fails because of Plaintiff's ratification and/or waiver.

### THIRD DEFENSE

26.     Plaintiff's claims are barred in whole or in part by estoppel.

### FOURTH DEFENSE

27.     The $369,571.65 balance allegedly owed by Defendant to Plaintiff under the prior Games Licensing Agreement is subject to Defendant's right of offset against the $932,123.03 that GEE owes to American, which was established in the 2020 Settlement Agreement and confirmed by the parties' current Games Licensing Agreement, effective October 1, 2021, which states: "American is not in any way waiving its offset rights, if any, under that certain Settlement

Agreement and Mutual Release with an effective date of April 24, 2020 entered into between American and Global Eagle Entertainment, Inc. and its various subsidiaries (the "2020 Settlement Agreement") by executing this Agreement and this Agreement does not represent a concession or admission by either American or Supplier with respect to American's rights to offset against other Global Eagle Entertainment entities."  This right of offset is reflected in many other places, including in the Order Sustaining Objection to Claims, which states: "[N]othing in this Order or the Objection affects the rights of American to setoff against non-debtor affiliates, to the extent such setoff is permitted by law.  Further, nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the parties may have to enforce or defend rights of setoff against American Airlines, the Debtors, their affiliates, or their non-debtor affiliates."

Defendant reserves the right to assert any and all additional affirmative defenses that discovery or other evidence may reveal to be appropriate.  Defendant further reserves the right to amend its Answer or otherwise plead in response to Plaintiff's Complaint, and to file such other Motions as it may deem advisable in defense of the case or as warranted by information adduced through the discovery process.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant American Airlines, Inc. prays that this Court dismiss Plaintiff DTI Software Inc.'s Original Complaint and that Plaintiff takes nothing by this action.  Defendant prays for the recovery of its costs and attorney's fees and for such other and further relief to which it may be justly entitled.

Dated:  September 29, 2022

Respectfully submitted,

/s/ Dee J. Kelly, Jr.
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

**ATTORNEY FOR DEFENDANT
AMERICAN AIRLINES, INC.**

## CERTIFICATE OF SERVICE

I certify that on September 29, 2022, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

/s/ Dee J. Kelly, Jr.
Dee J. Kelly, Jr.